IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CAROLYN JOHNSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-2227-An |
| | ) | |
| INTERSTATE BRANDS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

The Plaintiff, Carolyn Johnson, filed this action against the Defendant, Interstate Brands

Corporation ("IBC"), alleging that IBC discriminated against her on the basis of age, in violation

of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] and the Tennessee Human Rights Act

("THRA").[2] Before the Court is Defendant's Motion for Summary Judgment (D.E. # 34) filed

on January 31, 2008. Plaintiff responded in opposition to the Motion (D.E. # 35) on February

12, 2008, and Defendant has filed a reply (D.E. # 40). Trial is set in this matter for September 8,

2008. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

The Plaintiff was hired as a lunch relief employee at IBC's Memphis bakery in 1996.

Plaintiff has held a number of different positions during her employment for IBC. On March 24,

2006, IBC terminated Plaintiff's employment for violating IBC's Workplace Violence Policy

and Employee Handbook. Plaintiff's termination stems from a February 26, 2006 incident where

_____

[1] 42 U.S.C. § 2000(e) *et seq.*

[2] Tenn. Code Ann. § 4-21-101 *et seq.*

1

Plaintiff and co-worker Cassandra Boyce ("Boyce") got into an altercation in the break room. Plaintiff walked into the break room where Boyce was washing her hands. According to Plaintiff's deposition testimony, Boyce began cursing at Plaintiff, called Plaintiff's name and "slung a handful of water in [Plaintiff's] face." Plaintiff contends that she went to the table to sit down and "when [Boyce] got ready to swing the water off of her hands, [Plaintiff] threw [her] hand out to block her" and came into contact with Boyce's shoulder. Boyce claims in her statement to IBC that she turned from the sink to dry her hands and Plaintiff intentionally hit Boyce across the arm. At that point a co-worker came into the break room and stepped between Plaintiff and Boyce. Boyce reported the incident to Assistant Production Manager, Wilbert Adams, who instructed Plaintiff to go home. Plaintiff requested to talk to James Richmond, the union steward, who also instructed Plaintiff to go home. Both Boyce and Plaintiff were immediately suspended pending an investigation of the incident.

IBC's Employee Handbook states that fighting, horseplay or disorderly conduct would result in immediate dismissal on the first offense. In addition, the Defendant's Workplace Violence Policy stated that "violence, threats, harassment, intimidation, and other disruptive behavior in our workplace will not be tolerated: that is, all reports of incidents will be taken seriously and will be dealt with appropriately . . . Individuals who commit such acts may be removed from the premises and may be subject to disciplinary actions."

Former Human Resource Manager Arnold Langston ("Langston") interviewed all employees that were in the break room at the time of the incident, including Plaintiff and Boyce. Based upon his investigation into the incident, Langston initially recommended that IBC fire both Plaintiff and Boyce because he felt they were both equally guilty. However, Langston explained that his final decision to terminate Plaintiff and not Boyce was based upon IBC's past

practices regarding terminable versus suspendible offenses and his conclusion that there was no physical contact on Boyce's part, only on Johnson's part. Therefore, IBC allowed Boyce to return to work after more than a one-month suspension without pay.

Plaintiff filed a charge of age discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 27, 2006 and then filed the instant complaint against the Defendant in the Chancery Court of Tennessee on February 12, 2007. Plaintiff was 45 years old at the time of the incident, and Boyce was 25 years of age. This suit was later removed to federal court by IBC.

Plaintiff alleges that Defendant discriminated against her on the basis of her age because she was terminated and Boyce was not. She also alleges that younger employees were treated more favorably than older employees at the Memphis bakery. However, Plaintiff repeatedly admitted in her deposition that she has no evidence, other than her own subjective belief, to support her claim for age discrimination. Plaintiff also attempted to give examples of age discrimination in the workplace, but was not able to provide any information other than her own secondhand knowledge of those situations.

In its Motion for Summary Judgment, Defendant contends that Plaintiff cannot make out a *prima facie* case for age discrimination. Defendant argues that because there is no direct evidence of discrimination, the four-part burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) would apply. In particular, Plaintiff must demonstrate that similarly situated employees not in the protected class were treated more favorably. According to Defendant, Plaintiff has no evidence of any employees at IBC engaging in physical violence who were not terminated. Defendant argues that the fact that Plaintiff came into physical contact

with Boyce, but Boyce did not come into physical contact with Plaintiff is a key distinction that differentiates their conduct and IBC's decision to terminate Plaintifff and not Boyce.

Nor can Plaintiff show that Defendant's decision to terminate was pretextual. Even if the Plaintiff and Boyce were similarly situated, the Plaintiff still could not prove that Defendant's termination of Johnson was a pretext for discrimination. Plaintiff offers no evidence beyond her own personal belief, conjecture and speculation.

In her Response in opposition, Plaintiff conclusively states that she and Boyce are similarly situated except for the fact that Boyce's actions were intentional and Johnson's actions were reflexive as self-defense. Plaintiff also states that there is sufficient circumstantial evidence from which a jury could draw an inference of discriminatory motive. Among the other examples of discriminatory conduct Plaintiff seeks to offer in order to establish that IBC's proffered reason was a pretext are Langston's termination and replacement by a younger employee, opinionated statements by Flossie Ellis, a current employee of Defendant, and Boyce's disciplinary history.[3] Plaintiff also argues that Ellis and Langston can establish *prima facie* cases of age discrimination. Plaintiff also disputed nineteen of Defendant's sixty material fact statements and included "Additional Facts" for consideration.

---

[3] Langston testified in his deposition that he was never given a reason for his termination after working for IBC for thirty years. Langston was replaced by Jason Brandt, the current Human Resources Manager. Brandt testified that he was thirty-five years old and that he replaced Langston, whom he believed to be approximately 20 years older than him. As for Flossie Ellis, she is a current employee of the Defendant who provided an affidavit attached to Plaintiff's Response. Ellis states that on numerous occasions she had witnessed Boyce use profanity and "ageist" remarks in a demeaning manner to older co-workers. Ellis also stated that she complained to management that she felt that IBC was treating younger people more favorably than her in job selection. Ellis believes that she was older, more qualified, and senior to other individuals who were given jobs for which she had applied. Ellis also stated in her affidavit that it was her opinion that management was treating older employees more favorably than their younger co-workers.

In its Reply, Defendant states that the Court should not consider Plaintiff's "Additional Facts" for failure to cite to the "precise portions of the record relied upon to evidence" her contention that the nineteen challenged facts are in dispute as required by Local Rule 7.2(d)(3). The Plaintiff did give blanket responses in an attempt to dispute the material facts and then included a laundry-list of "Additional Facts." The Defendant argues that the statements by Ellis and Langston are irrelevant, as is Boyce's disciplinary history. Additionally, Plaintiff has failed to argue and cite any pertinent case law from the Sixth Circuit.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) provides that

> [J]udgment . . . should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.[4]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.[5] When the motion is supported by documentary proof such as depositions and affidavits, the non-moving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[6] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[7] These facts must be more than a scintilla of evidence and must meet the standard of whether a

---

[4] Fed. R. Civ. P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[6] *Celotex*, 477 U.S. at 324.

[7] *Matsushita*, 475 U.S. at 586.

reasonable juror could find by a preponderance of the evidence that the non-moving party is entitled to a verdict.[8] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."[9] In this Circuit, "this requires the non-moving party to 'put up or shut up' [on] the critical issues of [the] asserted causes of action."[10] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[11] However, it is improper for the Court to "make credibility determinations or weigh the evidence" at the summary judgment stage.[12]

Furthermore, Local Rule 7.2(d)(3) states that:

> [T]he opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied pursuant to subsection (2) above shall respond to the proponent's numbered designations, using corresponding serial numbering, both in the response and by attaching to the response, the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designate material facts are at issue.

The Court finds that the Plaintiff has failed to comply with the Local Rules and adequately dispute the material facts upon which the Defendant has relied because the Plaintiff failed to cite to the "precise portions of the record relied upon to evidence" her contention that the nineteen challenged facts are in dispute. The Plaintiff has just given a blanket response to each disputed

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] *Id.* at 247-48.

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[11] *Celotex*, 477 U.S. at 322.

[12] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

material fact and then attaches her own version of additional facts at the conclusion of her

Response.  Nevertheless, the Court will consider Plaintiff's additional facts.

## ANALYSIS

### I. Discrimination

The Age Discrimination in Employment Act ("ADEA") prohibits employers from

discriminating "against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's age."[13]  Absent direct evidence of

intentional discrimination by the defendant, the framework to be used in analyzing claims of

discrimination brought pursuant to Title VII and the ADEA is "the *McDonnell* burden-shifting

analysis, which requires a plaintiff first to establish a *prima facie* case of discrimination."[14]  To

establish a *prima facie* case of discrimination by the Defendant, the Plaintiff must show that she

(1) is a member of a protected group, (2) was subject to an adverse employment decision, (3)

was qualified for the position, and (4) was replaced by a person outside of the protected class.[15]

"The fourth element may [alternatively] be satisfied by showing that similarly situated non-

protected employees were treated more favorably."[16]  Once a plaintiff has established a *prima*

*facie* case of discrimination, thereby creating a presumption that the defendant has unlawfully

discriminated against the plaintiff, the burden shifts to the defendant to articulate a legitimate,

---

[13] 29 U.S.C. § 623(a) (2008).

[14] *Policastro v. Nw. Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002) (citing *McDonnell*, 411 U.S. at 792).

[15] *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995).

[16] *Id.*

nondiscriminatory reason for its actions.[17] If the defendant offers a legitimate reason for its

actions, the plaintiff must then prove by a preponderance of the evidence that the proffered

reasons given by the defendant were actually a pretext to hide discrimination.[18] Although the

burden of production shifts to the defendant, "the ultimate burden of persuading the trier of fact

that the defendant intentionally discriminated against the plaintiff remains at all times with the

plaintiff."[19]

## A. *Prima Facie* Case

It is undisputed that Plaintiff is a member of a protected class, that she was qualified for

her job, and that she suffered an adverse employment decision. Therefore, Plaintiff must show

either that she was replaced by a person outside her protected class or treated differently than

similarly situated non-protected employees. The parties vigorously dispute whether Plaintiff has

established that IBC treated a similarly-situated non-protected (younger) employee more

favorably. The Court holds that, as a matter of law, Plaintiff has failed to make this showing.

Plaintiff has alleged that IBC discriminated against her on the basis of her age by

terminating her employment and allowing Boyce to return to work. However, the two

employees must be similarly-situated in all *relevant* aspects of their respective employment

circumstances.[20] In a case like the one at bar involving disciplinary action, the plaintiff must

show that all *relevant* aspects of her employment situation are "nearly identical" to those of the

---

[17] *Id.*

[18] *McDonnell Douglas*, 411 U.S. at 804.

[19] *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993).

[20] *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994) (quoting *Ruth v. Children's Med. Cent.*, 940 F.2d 662, 1991 WL 151158, at *6 (6th Cir. Aug. 8, 1991) (unpublished)).

comparison employee whom she alleges was treated more favorably.[21]  More specifically, the

comparison employee (1) must have dealt with the same supervisor, (2) have been subject to the

same standards, and (3) have engaged in the same conduct "without such differentiating or

mitigating circumstances that would distinguish their conduct or the employer's treatment of

them for it."[22]  These factors generally are *all* relevant considerations in cases alleging

differential disciplinary action.[23]

Whether two employees dealt with the same supervisor does not entirely depend on

whether they shared the same *immediate* supervisor.[24]  In this Circuit, it "has [been] determined

that in many instances the term 'supervisor' should be construed broadly to include cases where

both employees' situations were handled by the same 'ultimate decision-maker.'"[25]  Thus, two

employees who are directly supervised by different individuals are not necessarily dissimilar if

the same member of management disciplined both the plaintiff and the comparable employee.[26]

It is immaterial whether Johnson and Boyce reported to the same immediate supervisor because

---

[21] *Id*. at 802.

[22] *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

[23] *Id.* at 352.

[24] *Barry v. Noble Metal Processing, Inc.*, No. 07-1674, 2008 WL 1988766, slip op. at *4 (6th Cir. May 7, 2008) (citing *McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005)).

[25] *Id*.

[26] *Id*.

Langston was the final decision-maker for both parties in this instance.[27]  Therefore, the Court

finds that a reasonable jury could conclude that Boyce and Johnson shared the same supervisor.

Turning to the second factor, there is no dispute in this case that Plaintiff and Boyce, as

employees of IBC, were both governed by the same IBC workplace violence policy.  Thus, they

were both subject to the same standards of conduct during their employment with IBC and

further analysis is not necessary regarding this factor.[28]

As for the similarity of conduct, "(i)n order for the conduct of a comparable employee

and the Title VII plaintiff to be considered the 'same conduct,' it must be similar in kind and

severity."[29]  The Defendant argues that Boyce and the Plaintiff did not engage in the same

conduct and are not similarly situated.  Boyce did not make physical contact with the Plaintiff;

---

[27] The identity of the person to whom Boyce and Johnson directly reported is unclear from the record .

[28] *See Barry*, 2008 WL 1988766, at *5; *see also Mitchell*, 964 F.2d at 583 n.5 (suggesting that without evidence that two employees reported to same supervisor, there can be no showing that they were "subject to the same standards" even if both were given same "employee handbook").  The Court has already determined that Johnson and Boyce dealt with the "same supervisor."

[29] *Barry*, 2008 WL 1988766, at *6 (acknowledging that there is a marked difference in the workplace setting between nudging a co-worker with whom you are engaged in a heated discussion and physically interfering with a supervisor who-in the performance of her duties-attempts to intervene in an argument involving one of her subordinates); *see also Clayton v. Meijer, Inc.*, 281 F.3d 605, 611 (6th Cir. 2002) (holding that African-American and Caucasian truck-drivers who violated the same safety policy were not similarly situated because the conduct of the Caucasian truck-drivers did not result in serious harm to another individual); *Braithwaite v. Timken Co.*, 258 F.3d 488, 497 (6th Cir. 2001) (explaining that the plaintiff was not similarly situated to comparable employees who were not terminated because his conduct amounted to a more serious violation); *Smith v. Leggett Wire Co.*, 220 F.3d 752, 763 (6th Cir. 2000) (explaining that comparable employees were not similarly situated with the plaintiff because in addition to being disciplined by different decision-makers, the plaintiff's conduct was more egregious than that of the comparable employees).

whereas, the Plaintiff made physical contact with Boyce.[30]  To the extent that Plaintiff attempts

to only distinguish her conduct from Boyce's by referring to Boyce's conduct as intentional

versus her own conduct as a reflect action in self-defense, her argument is unavailing.[31]  Viewing

the evidence in the light most favorable to the Plaintiff, making physical contact as a reflect

action to prevent the water from hitting her face is still unreasonable in light of her other option

to simply walk away.[32]  Although it is understandable that Johnson would not have wanted to

walk away in light of Boyce's insulting, childish behavior, Plaintiff's "self-defense" claim fails

because she chose not to walk away.[33]  If she had walked away, Plaintiff would have avoided (1)

getting splashed in the face with water a second time, (2) making physical contact with Boyce,

and (3) the termination of her employment.

Furthermore, the fact that Plaintiff may have acted in self-defense is immaterial, because

it is undisputed that she violated IBC's Workplace Violence Policy.[34]  Although the Plaintiff and

---

[30] Def.'s Mem. in Supp. of Mot. for Summ. J. 5.

[31] Although the Plaintiff has correctly cited the Sixth Circuit law with regards to establishing a *prima facie* case of discrimination, she has failed to argue that she and Boyce were similarly situated, with the exception of one conclusory statement.  Plaintiff states that "it is obvious both employees where [sic] similarly situated with the exception that Cassandra Boyce's actions toward the Plaintiff was [sic] intentional with malice and the Plaintiff's action was a reflect to prevent an aggressor from continuing her rage."  Pl.'s Mem. in Resp. to Def.'s Mot. for Summ. J. 8.  Plaintiff uses this statement to argue that she has met the fourth element in making a *prima facie* case of discrimination in the Fifth Circuit, law that is inapplicable.  She cites to *EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 340-41 (5th Cir. 1982), which states that the fourth element of its test is "that the minority employee was disciplined either without the application of a lenient policy, or in conformity with the strict one."  The Plaintiff's reliance on this rule is misplaced.

[32] *See Wall v. City of Durham*, 169 F. Supp. 2d 466, 478 (M.D. N.C. 2001).

[33] *See id.*

[34] *See Ford v. Gen. Elec. Lighting, LLC*, 121 F. App'x 1, 6, 2005 WL 32825, at *4 (4th Cir. 2005) (unpublished).

Boyce were both involved in the same incident, Langston concluded that Plaintiff's conduct was more serious because she struck Boyce and Boyce did not strike Plaintiff. Although Langston admits that an individual could violate the Workplace Violence Policy by physically striking someone with an object, a handful of water clearly has a significantly lesser force than a solid object, and thus is likely to produce significantly less, if any harm. Therefore, it is not unreasonable for Langston to have concluded that engaging in physical contact with an individual is more severe than throwing a handful of water and cursing at her. The conclusion that Plaintiff struck Boyce and that such assault was more serious than Boyce's conduct during the incident demonstrates that Boyce and Plaintiff are not similarly situated in all relevant aspects and leads this Court to conclude that no reasonable jury could find that their conduct was the "same conduct" for purposes of the similarly-situated analysis.[35]

In light of the factors that this Court examines to determine whether a plaintiff has established that a similarly situated non-minority employee received more favorable treatment, particularly the difference in conduct, Plaintiff has failed to adduce evidence from which a reasonable jury could conclude that she and Boyce were similarly situated. Therefore, Plaintiff has not established the fourth element of her *prima facie* case, and summary judgment is appropriate.

**B. Defendant's Proffered Non-Discriminatory Reason**

Assuming *arguendo* that Plaintiff had established a *prima facie* case of discrimination, the Court finds that the Defendant did articulate a legitimate non-discriminatory reason for

---

[35] *See, e.g., Garvin v. Motorola, Inc.*, 2002 WL 31744665, at *5 (N.D. Ill. Dec. 5, 2002) (mem.).

Plaintiff's discharge – violating IBC's Workplace Violence Policy.  Specifically, Langston stated

that Plaintiff was not allowed to return to work because she had physically struck Boyce, an act

that the Plaintiff herself agreed was a terminable offense.  On the other hand, Boyce was allowed

to return to work because Boyce never physically struck Johnson.  Therefore, Defendant would

have met its burden of production as to this issue.[36]


## C.  Plaintiff's Rebuttal

Assuming *arguendo* that Plaintiff had established a *prima facie* case of discrimination

and the Defendant had met its burden of production, Plaintiff had a full and fair opportunity to

demonstrate pretext.[37]  Pretext may be shown "either directly by persuading the [trier of fact] that

a discriminatory reason more likely motivated the employer or indirectly by showing that the

employer's proffered explanation is unworthy of credence."[38]  Therefore, the Plaintiff must

produce sufficient evidence from which the jury may reasonably reject the employer's

explanation.[39]  To make a her case on the credibility of an employer's explanation, the plaintiff is

"required to show by a preponderance of the evidence either (1) that the proffered reasons had no

---

[36] Defendant bears only a burden of production, not persuasion, *i.e.*, the defendant does not bear the burden of persuading the Court that it was actually motivated by the proffered reason, only that the defendant's evidence raised a genuine issue of fact as to whether it discriminated against the plaintiff.  *Blair v. Henry Filters, Inc.*, 505 F.3d 517, 524 (6th Cir. 2007) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

[37] *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981).

[38] *Id.* at 256.

[39] *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994).

basis *in fact*, (2) that the proffered reasons did not *actually* motivate [her] discharge, or (3) that

they were *insufficient* to motivate the discharge."[40]

The first and third types of rebuttals are direct attacks on the credibility of the employer's

proffered motivation for firing the plaintiff and, if shown, provide an evidentiary basis for what

the Supreme Court has termed "a suspicion of mendacity."[41] Such a showing permits, but does

not require, the factfinder to infer illegal discrimination from the plaintiff's *prima facie* case.[42]

The first type of showing consists of evidence that the proffered reason for the Plaintiff's

discharge never happened, i.e., that the reason is "factually false."[43] Johnson admitted that she

made physical contact with Boyce and that Boyce did not make physical contact with her. Thus,

the first category is inapplicable in this instance.

The third showing ordinarily consists of evidence that other employees, particularly

employees not in the protected class, were not fired even though they engaged in *substantially*

*identical* conduct to that which the employer contends motivated its discharge of the plaintiff.[44]

The Plaintiff acknowledged that she cannot identify any employees who were not discharged

after engaging in physical contact with a co-worker. To the extent that the Plaintiff refers to

Boyce in this instance, the Court has already determined that they did not engage in the same

conduct in order to be similarly situated. Additionally, Plaintiff failed to present the testimony

---

[40] *Id.* at 1084 (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993) (emphasis contained in original).

[41] *Id.* (citing *Hicks*, 509 U.S. at 511).

[42] *Id.*

[43] *Id*.

[44] *Id*. (emphasis added).

of any co-workers in support of her contention that IBC treated *her* differently than older co-workers.[45]  Assuming *arguendo* that the Court had determined that the Plaintiff and Boyce were similarly situated with regards to their conduct, it is still impossible to say that their actions were "substantially identical."  The key distinction is with regard to physical contact, specifically that Johnson admitted making physical contact with Boyce and that Boyce failed to make physical contact with Johnson.[46]  Thus, the Plaintiff cannot avail herself of this third category to demonstrate pretext.

This leaves only the second category to establish pretext.  The second type of rebuttal is entirely different than the others in that it is an indirect attack on the credibility of the employer's proffered explanation.[47]  In this type of showing, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct *could* motivate dismissal.[48]  In such cases, the plaintiff attempts to indict the credibility of her employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant.[49]  In order to make this type of rebuttal showing, the

---

[45] *See Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003).

[46] This standard requiring a showing of "substantially identical" conduct is arguably significantly higher than the standard requiring a showing that the plaintiff and comparison employee were engaged in the same conduct for purposes of being similarly situated in order to establish a *prima facie* case of discrimination.  *See e.g., Barry*, 2008 WL 198876, at *6 (acknowledging that a difference in the severity of physical contact can render two individuals not similarly situated).

[47] *Manzer*, 29 F.3d at 1084.

[48] *Id*. (emphasis contained in original).

[49] *Id*. (emphasis contained in original) ("In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it "more likely than not" that the employer's explanation is a pretext, or coverup").

"plaintiff may not rely simply upon his *prima facie* evidence but must, instead, introduce

additional evidence of age discrimination."[50] The Plaintiff has already admitted that she came

into physical contact with Boyce and that Boyce did not come into physical contact with her.

The Plaintiff further admitted that physically striking a co-worker is a terminable offense under

IBC's Workplace Violence Policy and that the policy is a reasonable one to enforce. The parties

dispute whether the Plaintiff can establish through circumstantial evidence that IBC's reason for

terminating her is pretextual. The Court finds that Plaintiff has failed to make this showing.[51]

Plaintiff is required to "set forth specific facts showing that there is a genuine issue for

trial."[52] Testimony consisting of nothing more than rumors, conclusory allegations and

subjective beliefs are wholly insufficient evidence to establish a claim of discrimination as a

matter of law.[53] Without "any significant probative evidence tending to support the complaint,"

Plaintiff's allegations, alone, are insufficient to withstand a properly supported motion for

summary judgment.[54] Plaintiff has fully admitted in her deposition that she has no evidence that

---

[50] *Id.*

[51] It is noteworthy that in attempting to establish pretext, the Plaintiff has failed to cite to any Sixth Circuit case law, but has instead opted to cite to the law of the Fifth and Second Circuits. Furthermore, she continues to argue that she meets the last part of the Fifth Circuit's four-part test to establish a *prima facie* case. *See Supra* note 33. Plaintiff's reliance on Fifth Circuit cases to create an inference as to why IBC failed to disqualify her from unemployment benefits is misplaced. IBC could have failed to disqualify the Plaintiff from unemployment benefits for any number of reasons.

[52] Fed. R. Civ. P. 56(e).

[53] *Grizzell v. City of Columbus*, 461 F.3d 711, 724 (6th Cir. 2006) ("It is well settled that '[m]ere personal beliefs, conjecture and speculation are insufficient to support an inference of discrimination.'") (quoting *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 247 (6th Cir. 1997)); *Mitchell*, 964 F.2d at 585 (holding that rumors, conclusory allegations and subjective beliefs set forth in plaintiff's affidavit are insufficient to create a genuine issue of material fact).

[54] *Anderson*, 477 U.S. at 249; *accord Grizzell*, 461 F.3d at 724; *Mitchell*, 964 F.2d at 584-85.

she was terminated because of her age or that Boyce got her job back because of her age.

Plaintiff also testified that she believed some older individuals should have gotten jobs that they

did not get or that were given to younger individuals, but admitted that she had no evidence to

support her beliefs.[55]  Where Plaintiff has admitted she cannot prove any of these allegations, her

mere speculation and subjective beliefs will not suffice.

The Plaintiff argues that the Court need only look at the Defendant's history in order to

establish that Defendant's proffered reason for Plaintiff's termination was pretextual.  In her

explanation, the Plaintiff argues that both Langston and Ellis could establish *prima facie* cases of

age discrimination.  However, the Plaintiff fails to cite any cases in the Sixth Circuit or

elsewhere that stand for the proposition that a plaintiff can establish pretext in her age

discrimination case by demonstrating that other persons who are not parties to the action can

make a *prima facie* case of discrimination.  The fact that Langston, Ellis, or any other person

*may* be able to establish a *prima facie* case of age discrimination in no way establishes that

IBC's decision to terminate Johnson was a pretext for age discrimination.

"Trial courts regularly prohibit 'me too' evidence from or about other employees who

claim discriminatory treatment because it is highly prejudicial, but only slightly relevant."[56]

---

[55] Plaintiff could not identify the younger employee who got a job that she believed should have gone to Mr. Richmond, nor did she even know if Mr. Richmond was qualified for the job.  Plaintiff also has no evidence that IBC refused to allow Ms. Ellis to take Ms. Adams' job because of her age.

[56] *Reed v. Nat'l Linen Serv.*, 182 F.3d 918, 1999 WL 407463, at *7 (6th Cir. 1999) (unpublished) (citing *Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988)); *see Haskell v. Kaman Corp.*, 743 F.2d 113, 120 (2d Cir. 1984) (holding that testimony of former employees of the defendant about the circumstances surrounding their terminations and those of other employees was not relevant to the question of whether the plaintiff was terminated for age-related reasons and, in addition, should have been excluded under Fed. R. Evid. 403)).

Therefore, Langston's testimony about his termination and Ellis's statements in her affidavit about the alleged discrimination against her at IBC are irrelevant in determining whether the Plaintiff was discriminated against based on her age. Additionally, Ellis's "opinion" that management treats younger employees more favorably than their older cohorts is irrelevant and not evidence of pretext, as it is based on her own subjective beliefs.[57]

The Plaintiff also relies on the "ageist" comments made by Boyce in an attempt to establish pretext. Ellis stated in her affidavit that she had observed Boyce curse and threaten older co-workers, including one situation in which Boyce used profanity and "ageist" comments. Furthermore, the Plaintiff and witnesses of the altercation between Plaintiff and Boyce stated that Boyce used similar "ageist" comments in an attempt to demean Plaintiff. "'Statements by non-decision makers, or statements by decision makers unrelated to the decisional process itself [can not] suffice to satisfy the plaintiff's burden . . .' of demonstrating animus."[58] The Plaintiff has presented no proof that anyone connected with the decision to terminate her made any such age-based comments. Therefore, the "ageist" comments made by Boyce are irrelevant in attempting to establish pretext.

Finally, Plaintiff attempts to establish that IBC's proffered reason for terminating her was a pretext by relying on Boyce's disciplinary history with IBC. Plaintiff argues that Defendant did not need any reason to terminate Boyce because she was on a last-chance agreement based

---

[57] *Grizzell*, 461 F.3d at 724. Two circuits in similar cases have found the mere opinion of another employee, who had no connection with the plaintiff's termination, not to be sufficient by itself to prove age discrimination. *Mauter v. Hardy Corp.,* 825 F.2d 1554, 1558 (11th Cir.1987); *Gray v. New Engl. Tel. & Tel. Co.,* 792 F.2d 251, 254-55 (1st Cir.1986).

[58] *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring)); *but cf. Ercegovich*, 154 F.3d at 354-57 (explaining that discriminatory remarks of those who may have influenced the decision may be relevant, even if they were non-decision makers).

upon her prior violations and termination.  While IBC could have terminated Boyce's

employment, Langston testified in his deposition that Boyce would have only been terminated

based on the last-chance agreement if she had engaged in the same or similar misconduct as

before.  Because she had not been involved in an altercation at work before and the majority of

Boyce's write-ups were attendance-related, her disciplinary record does not establish how IBC's

proffered reason for terminating the Plaintiff was pretextual.

Even if Plaintiff could make a prima facie case and Defendant established that it had a

legitimate reason to terminate Plaintiff's employment, the Plaintiff has failed to show that

Defendant's reason was preteext for discrimination on the basis of her age.  Not only has the

Plaintiff failed to cite to any Sixth Circuit case law supporting her arguments, she has also failed

to provide any evidence of age discrimination in addition to what she alleged in trying to

establish her *prima facie* case.  The only evidence that Johnson attempts to introduce is based on

her own subjective beliefs and the opinions of other individuals, which will not suffice to

withstand summary judgment.

## II.  Plaintiff's State Law Claims

As for Plaintiff's state law claims, it is settled law that the district court may exercise

jurisdiction over a pendent state law claim, even after the basis for removal to federal court has

been eliminated, if recommended by a careful consideration of factors such as judicial economy,

convenience, fairness, and comity.[59]  Generally, if the federal claims are dismissed before trial,

_____

[59] *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

the state claims should be dismissed as well.[60]  In light of the Court's ruling to dismiss Plaintiff's federal claims, the Court declines to consider Plaintiff's state law claims.

**CONCLUSION**

The Court holds that Plaintiff has not met her burden to establish a *prima facie* case for his claim of age discrimination.  Even if Plaintiff had established a *prima facie* case, the Court holds that Plaintiff has failed to establish that Defendant's proffered reason for her termination was a pretext.  In light of the Court's ruling to dismiss Plaintiff's federal claims, the Court declines to consider Plaintiff's state law claims.  Defendant is entitled to summary judgment as a matter of law.  Therefore, Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 12th, 2008.

---

[60] *Taylor v. First of Am. Bank-Wayne,* 973 F .2d 1284, 1287 (6th Cir.1992) (citing *Gibbs,* 383 U.S. at 726).