**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **CAROLYN JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-2227-STA** |
| | ) | |
| **INTERSTATE BRANDS CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
---

Before the Court is Plaintiff's Motion for Reconsideration (D.E. # 48) filed on August 26, 2008. The Court entered its Order Granting Summary Judgment in favor of Defendant on August 12, 2008. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff Carolyn Johnson filed this action against Interstate Brands Corporation ("IBC"), alleging that IBC discriminated against her on the basis of age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Tennessee Human Rights Act ("THRA"). In the Order Granting Defendant's Motion for Summary Judgment, the Court summarized the background of this case as follows: Plaintiff was hired as a lunch relief employee at IBC's Memphis bakery in 1996. Plaintiff has held a number of different positions during her employment for IBC. On March 24, 2006, IBC terminated Plaintiff's employment for violating IBC's Workplace Violence Policy and Employee Handbook. Plaintiff's termination stems from a February 26, 2006 incident where Plaintiff and co-worker Cassandra Boyce ("Boyce") got into

1

an altercation in the break room.

Plaintiff walked into the break room where Boyce was washing her hands. According to Plaintiff's deposition testimony, Boyce began cursing at Plaintiff, called Plaintiff's name and "slung a handful of water in [Plaintiff's] face." Plaintiff contends that she went to the table to sit down and "when [Boyce] got ready to swing the water off of her hands, [Plaintiff] threw [her] hand out to block her" and came into contact with Boyce's shoulder. Boyce claims in her statement to IBC that she turned from the sink to dry her hands and Plaintiff intentionally hit Boyce across the arm. At that point a co-worker came into the break room and stepped between Plaintiff and Boyce. Boyce reported the incident to Assistant Production Manager, Wilbert Adams, who instructed Plaintiff to go home. Plaintiff requested to talk to James Richmond, the union steward, who also instructed Plaintiff to go home. Both Boyce and Plaintiff were immediately suspended pending an investigation of the incident.

IBC's Employee Handbook states that fighting, horseplay or disorderly conduct would result in immediate dismissal on the first offense. In addition, the Defendant's Workplace Violence Policy stated that "violence, threats, harassment, intimidation, and other disruptive behavior in our workplace will not be tolerated: that is, all reports of incidents will be taken seriously and will be dealt with appropriately . . . Individuals who commit such acts may be removed from the premises and may be subject to disciplinary actions."

Former Human Resource Manager Arnold Langston ("Langston") interviewed all employees that were in the break room at the time of the incident, including Plaintiff and Boyce. Based upon his investigation into the incident, Langston initially recommended that IBC fire both Plaintiff and Boyce because he felt they were both equally guilty. However, Langston

explained that his final decision to terminate Plaintiff and not Boyce was based upon IBC's past practices regarding terminable versus suspendible offenses and his conclusion that there was no physical contact on Boyce's part, only on Johnson's part. Therefore, IBC allowed Boyce to return to work after more than a one-month suspension without pay.

Plaintiff filed a charge of age discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on April 27, 2006, and then filed suit against the Defendant in the Chancery Court of Tennessee on February 12, 2007. Plaintiff was 45 years old at the time of the incident, and Boyce was 25 years of age. This suit was later removed to federal court by IBC.

Plaintiff alleged that Defendant discriminated against her on the basis of her age because she was terminated and Boyce was not. She also alleged that younger employees were treated more favorably than older employees at the Memphis bakery. However, Plaintiff repeatedly admitted in her deposition that she had no evidence, other than her own subjective belief, to support her claim for age discrimination. Plaintiff also attempted to give examples of age discrimination in the workplace but was not able to provide any information other than her own secondhand knowledge of those situations.

In granting Defendant's motion for summary judgment, the Court ruled that Plaintiff had failed to make out a prima facie case of age discrimination. More specifically, Plaintiff could not establish the fourth element of her prima facie case that a similarly situated non-protected employee, i.e. Boyce, was treated more favorably than Plaintiff. In order for Plaintiff to establish that she was similarly situated with Boyce, she had to prove the following three factors: that Boyce as the comparison employee (1) dealt with the same supervisor, (2) was subject to

the same standards, and (3) engaged in the same conduct "without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." [1] While the Court agreed that Plaintiff had satisfied the first and second factors, Plaintiff did not show that she and Boyce engaged in the same conduct. The Court concluded that Plaintiff, not Boyce, had made physical contact in violation of IBC's Workplace Violence Policy. Therefore, the Court determined that Plaintiff had failed to adduce evidence from which a reasonable jury could conclude that she and Boyce were similarly situated.

In its Order Granting Summary Judgment, the Court went on to consider for the sake of argument Plaintiff's contention that IBC's proffered reason for dismissing her and not Boyce was pretextual. To make a case on the credibility of an employer's explanation, the plaintiff is "required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate [her] discharge, or (3) that they were *insufficient* to motivate the discharge." [2] The Court ruled that Plaintiff could not make the required showing as to any of these three possible rebuttals.

Plaintiff has now filed her Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e).

---

[1]*Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

[2] *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993) (emphasis contained in original).

## STANDARD OF REVIEW

Rule 59(e) provides that parties can file a motion to alter or amend a judgment within ten days of entry of that judgment.[3]  Motions under Rule 59(e) may be based upon one of the following grounds: 1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; or 4) to prevent manifest injustice.[4]  "'[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.'"[5] Furthermore, Rule 59(e) motions should not be based on legal arguments that the movant simply failed to raise in the earlier motion.[6]

The Defendant argues that the Court should reconsider its Order because 1) it committed clear legal error and misapplied the standard for summary judgment as to several issues, and 2) new evidence of IBC's pending bankruptcy suggests a possible motivation for discriminating against older employees like Plaintiff.  The Court will address these arguments in turn.

---

[3]  Fed. R. Civ. P. 59(e).  Plaintiff's instant Motion was filed within the 10 days required by this paragraph.

[4] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

[5] *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (quoting *Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993)).

[6] *See Al-Sadoon v. FISI Madison Fin. Corp.*, 188 F. Supp. 2d 899, 903 (M.D. Tenn. 2002) (refusing to reconsider an order denying an employer's summary judgment motion where the motion to reconsider argued that the employee had failed to establish one element of a prima facie case, while the original summary judgment motion solely argued that he had failed to establish another); *see also Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) ("[M]otions under Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (citations and internal quotation marks omitted).

## ANALYSIS

### A.   *Summary Judgment Standard*

Plaintiff contends that the Court committed several clear errors of law as it misapplied the summary judgment standard.  First, according to Plaintiff, the Court's conclusion that her self-defense theory of the confrontation with Boyce was unpersuasive failed to view the evidence in the light most favorable to Plaintiff.  More specifically, Plaintiff argues that she had no opportunity to walk away from the confrontation, as the Court suggested she should have. The Court has already considered and rejected Plaintiff's position on the issue of the actual confrontation and her theory of self-defense.  Because Plaintiff, therefore, has offered "essentially the same arguments presented on the original motion," the Court declines to revisit these issues.

Second, Plaintiff argues that the Court misapplied the summary judgment standard by "improperly drawing inferences that are within the province of the jury."  Plaintiff has cited a series of improper inferences the Court drew in granting summary judgment, all of which relate to the Court's conclusion that Plaintiff could have walked away from the confrontation with Boyce.[7]  The Court relied on similar reasoning found in the case of *Wall v. City of Durham*, 169 F. Supp. 2d 466, 478 (M.D.N.C. 2001).  Clearly the Court is permitted to draw inferences when considering a motion for summary judgment, and those inferences should be viewed in a light

---

[7] Plaintiff cites the following as improper inferences: that Plaintiff could have walked away from the confrontation with Boyce; that Plaintiff did not wish to walk away from the confrontation; and that Plaintiff would have avoided the physical contact with Boyce and her termination.

most favorable to the non-moving party.[8]  At the same time, the Court's role at the summary judgment stage is to determine whether there is "evidence on which a jury could reasonably find for the [non-movant]."[9]  In its Order the Court stated, "Viewing the evidence in the light most favorable to the Plaintiff, making physical contact as a reflect action to prevent the water from hitting her face is still *unreasonable* in light of her other option to simply walk away."[10]  It is clear that the Court properly viewed the evidence in the light most favorable to Plaintiff; however, the ultimate issue presented was whether a jury could reasonably return a verdict for the non-moving party.  Furthermore, there is nothing in the record to persuade the Court that the option of walking away was not available to Plaintiff at any point before she made physical contact with Boyce.[11]  In the Court's view, no reasonable juror could conclude that her decision was reasonable under the circumstances.  Therefore, Plaintiff's assignment of error is without merit.

In her third assignment of clear error, Plaintiff argues that the Court failed to examine Defendant's Workplace Violence Policy to determine if Plaintiff's conduct actually violated it.

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1989).

[9] *Id.*

[10] Order Granting Def.'s Mot. Summ. J., 11 (emphasis added).

[11] In support of her theory that she had no opportunity to walk away from the situation, Plaintiff has cited these statements from her response in opposition to the motion for summary judgment: "Ms. Johnson wiped her face and told Ms. Boyce not to do it again.  Once she made that statement, Ms. Boyce called her an 'old bitch and old M.F.' and walked towards her with water on her hands."  Additionally, Plaintiff testified during her deposition that after being splashed with water the first time, she sat down at a table there in the same room.  Plaintiff would have the Court infer from these facts that "Ms. Boyce was aggressively walking towards her."  Mot. to Reconsider, 8.  Nothing in these statements would lead a reasonable juror to conclude that Ms. Boyce was approaching Plaintiff so suddenly and aggressively that Plaintiff had no opportunity to remove herself from the situation.

According to Plaintiff, the Court relied only on the decision of Arnold Langston, Defendant's then-human resources manager who elected to terminate Plaintiff, that Plaintiff had violated the policy. The Court did refer to Langston's decision in ruling that a reasonable juror could not conclude that Plaintiff and Boyce were similarly situated. However, this was not the only factor cited in the Court's Order.

As an initial matter, Plaintiff is raising this issue for the first time in the instant Motion. Rule 59(e) motions should not be based on legal arguments that the movant simply failed to raise in the earlier motion. At no point in her response to the motion for summary judgment did Plaintiff argue that she had not in fact violated the IBC Workplace Violence Policy. Accordingly, the Court has grounds to decline to consider the issue on this factor alone. Not only did Plaintiff not raise this argument before now, the Court did in fact consider the terms of the Workplace Violence Policy. First, the terms of the policy were clear: IBC had zero tolerance for any kind of fighting, horseplay or disorderly conduct. Second, it was undisputed by the parties that Plaintiff made physical contact with Boyce in violation of the policy. The parties strongly disagreed, though, over whether Plaintiff was justified in doing so and whether Boyce had also violated the policy by throwing water at Plaintiff. Plaintiff has argued that the two women were similarly situated in all respects except that Plaintiff acted in self-defense and Boyce was the aggressor. It is true that Plaintiff argued in conclusory fashion "that she was disciplined without the application of a lenient policy, or in conformity with the strict one." Plaintiff's response to the motion for summary judgment and her instant Motion made no attempt to brief or expound on the reasons to apply a test that is not the law in this Circuit. As the Court has already ruled, this is a legal test adopted by the Fifth Circuit, and so it is inapposite

to this case. Therefore, in this respect, Plaintiff's assignment of error consists of "essentially the same arguments presented on the original motion." The Court has already addressed this argument in its Order Granting Summary Judgment and need not consider it again.

In addition to arguing that the Court relied in error on Langston's decision, Plaintiff misstates the applicable standard of review:

> the court must disregard all evidence favorable to the moving party that the jury is not required to believe and can only give credence to evidence supporting the moving party that is un-contradicted and un-impeached, at least to the extent that such evidence comes from disinterested witnesses.

Plaintiff cites for support *Roger Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) where the Supreme Court discussed a circuit split over the standards for weighing a motion for judgment as a matter of law under Rule 50(a). The *Reeves* Court determined that some circuits had misinterpreted an earlier Supreme Court decision, reading it to state that a court should "'look only to the evidence and reasonable inferences which tend to support the case of' the nonmoving party."[12] However, the *Reeves* Court made clear that in the summary judgment context, a court must review the record "taken as a whole."[13] Therefore, the Court finds this assignment of error meritless.

In the next assignment of error, Plaintiff argues that the Court misapplied the summary judgment standard with regard to the issue of pretext. Plaintiff contends that the Court erred in concluding that Defendant's non-discriminatory reason for discharging Plaintiff was in fact true. Here Plaintiff believes that the Court should have examined IBC's Workplace Violence Policy

---

[12] *Reeves*, 530 U.S. at 150 (discussing *Wilkerson v. McCarthy,* 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497 (1949)).

[13] *Reeves*, 530 U.S. at 150.

before concluding that Plaintiff's physical contact with Boyce violated the policy. Having dismissed a similar argument above, the Court finds this argument unconvincing.

## B. *Newly Discovered Evidence*

Plaintiff has come forward with newly discovered evidence concerning Defendant's bankruptcy, which Plaintiff asserts was unknown before now. According to Plaintiff, "the bankruptcy would have motivated the Defendant to rid itself of older employees." The availability of "newly discovered evidence" is one grounds upon which a court may reconsider a previous order. However, in order to constitute "newly discovered evidence" for purposes of Rule 59(e), the evidence must have been previously unavailable.[14] As Defendant points out, Defendant filed for bankruptcy on September 22, 2004, approximately two and one-half years before Plaintiff even filed suit. Without some further showing or offer of proof, evidence of Defendant's bankruptcy was a matter of public record, and Plaintiff's claim that it is now newly discovered evidence has no justification.

**CONCLUSION**

---

[14] *GenCorp,*, 178 F.3d at 834.

Having considered Plaintiff's assignments of error and newly discovered evidence, the Court finds that the Motion to Reconsider should be **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 10th, 2008.